IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
|    BECA Electrical Contractors Associates, Inc. | : | Case No. 17-24684 GLT |
|        Debtors | : | Chapter 7 |
| | : | |
| Lisa M. Swope, Esquire, Trustee of the Bankruptcy Estate of BECA Electrical Contractors Associates, Inc. | : | |
|        Movant | : | |
| vs. | : | |
| Internal Revenue Service, Commonwealth of Pennsylvania, Department of Revenue, Department of Labor and Industry and Commercial Bank & Trust, of PA | : | |
|        Respondents | : | |

**MOTION TO SELL OFFICE EQUIPMENT, MACHINERY, INVENTORY AND VEHICLES FREE AND DIVESTED OF LIENS BY PUBLIC AUCTION**

NOW COMES, the Trustee, the Movant above named, by and through her attorneys, Neugebauer & Swope, P.C., and does file the within Motion to Sell Office Equipment, Machinery, Inventory and Vehicles and Divested of Liens by Public Auction, upon cause whereof the following is a statement to wit:

    1. The Debtor commenced the within case by filing a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the U.S. Code, 11 U.S.C. §101, et seq., with the United States Bankruptcy Court for the Western District of Pennsylvania on November 20, 2017.

    2. This proceeding is a "core" proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334.

    3. The United States Trustee, pursuant to §701 of the Code, appointed Lisa M. Swope,

Esquire, as Interim Trustee and she, having conducted the §341 Meeting of the Creditors on January 9, 2018, is now serving as Trustee pursuant to §702(d).

4. Debtor is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a mailing address of P. O. Box H, Crabtree, PA 15624, with notice for purposes of this proceeding to its counsel, Brian P. Cavanaugh, Esquire, Stewart, McArdle, Sorice, et al, LLC, 229 South Maple Avenue, Greensburg, PA 15601.

5. Respondent, Internal Revenue Service, is a governmental entity with notice for purposes of this proceeding to Attention: Officer or Director, Internal Revenue Service, P. O. Box 7346, Philadelphia, PA 19101-7346, and to U. S. Attorneys Office, Western District of Pennsylvania, 633 U. S. Post Office & Courthouse, Grant Street, Pittsburgh, PA 15219.

6. Respondent, Commonwealth of Pennsylvania, Department of Revenue, is a governmental entity with a mailing address of Attention: Officer or Director, Pennsylvania Department of Revenue, Bankruptcy Division, P. O. Box 280946, Harrisburg, PA 17128-0946.

7. Respondent, Department of Labor and Industry, is a government entity with a mail address of Attention: Pennsylvania Department of Labor and Industry, Office of Chief Counsel, Tenth Floor, Labor and Industry Building, 651 Boas Street, Harrisburg, PA 17121.

8. Respondent, Commercial Bank & Trust of PA, ("CBT"), is a financial institution with notice with a mailing address of P.O. Box 429, Latrobe, PA 15650 with notice for purposes of this proceeding to its counsel, Michael A. Shiner, Tucker Arensberg, P.C., 1500 One PPG Place, Pittsburgh, PA 15222.

9. Debtor was engaged in the electrical supply business.

10. According to Debtor's petition and other documents provided by Debtor, the assets of the estate include, among other things, furniture, equipment, machinery, inventory vehicles, and other property related to Debtor's electrical supply business, (the "Property").

11. Filed concurrently with the subject Motion is a Motion of Trustee to hire Wayne Templeton, an auctioneer with Templeton Auctioneers, (the "Auctioneer"), to conduct a global auction of the Property on the Debtor's premises pursuant to §363. A true and correct copy of the Auction Agreement is attached hereto and made a part hereof as Exhibit A.

12. CBT has a perfected security interest in some of the Property but not in those assets which have certificates of title.

13. The following are the estimated costs and expenses of sale:

   a. Latrobe Bulletin – advertising in the approximate amount of $59.70;

   b. Westmoreland County Legal Bulletin – advertising in the approximate amount of $43.00;

   c. Auctioneer/Broker commission in the amount of 10% of gross auction proceeds;

   d. Auctioneer/Broker costs estimated at $10,900.00;

   e. There are no attorney fees and expenses of the Trustee that will be paid without prior Court approval;

14. The Auctioneer will market and advertise the Property, via the internet, mailings and publications, so that bidders will attend the Auction.

15. In addition to the foregoing, CBT has agreed to pro-rate the costs of sale according to the gross proceeds brought from the unsecured assets and CBT's assets, provided however CBT will not be responsible for any Trustee fees with respects to their assets, all which is subject to Bankruptcy Court approval, and the reasonableness of all costs and fees.

16. The Trustee believes and therefore avers that the best and highest net recovery for the estate will arise by holding a public auction sale of the Property (the "Auction"), on the two dates of April 14, 2018 and April 21, 2018 both at 9:00 a.m. at Debtor's place of business, 201 Bardine Road, Crabtree, PA 15624, pursuant to §363 of the Bankruptcy Code.

17. The Auction will be conducted by the Auctioneer whose appointment is currently

before this Court for approval.

18. The Trustee believes and therefore avers that the aforesaid method of sale is fair and reasonable, and in the best interest of this estate, and that higher and better prices would not be obtained through other marketing venues.

19. The Property will be sold free and clear of all liens and/or encumbrances (judicial, statutory and consensual), security interests, claims, charges and interests, if any, all of which shall be divested from the Property and attach to the proceeds, in the order of their priority.

20. The sale of the Property shall be a sale on the premises in "AS IS WHERE IS" condition, without representations of warranties of any kind whatsoever, and the participation of a purchaser in the sale process shall constitute an agreement and representation that a purchaser has inspected the property, and is purchasing the same solely on the basis of such inspections, and not as the result of any representation of any kind whatsoever by the estate/Trustee, or its/their agents, except as otherwise set forth herein.

21. Buyers must remove purchases at their own expense and within the allotted time for removal.

22. The terms of sale and a complete listing of the Property will be available from the Auctioneer upon request or by visiting his website, www.templetonauctioneer.com.

23. Certificates of title shall be conveyed pursuant to §363(b), giving specific authority to covey said titles, with all transfer taxes, fees and costs to be the sole responsibility of the purchaser, provided that the Trustee shall execute documentation as may be necessary or required to effectuate the transfer.

24. The proceeds of the sale of the Property shall be used as follows, to wit:

    a. First to the costs of sale, specifically including but not limited to the Auctioneer's commission, the advertising, printing, mailing and notice fees incurred by Trustee and/or

Trustee's counsel; (which includes reimbursement to Movant who has advanced these costs), Trustee's reasonable counsel fees in drafting and filing the motion, representing the estate at the hearing and obtaining an order authorizing the sale and attending a one-day sale and liquidation auction, (which fees shall be reserved for but not paid out until such fees are approved by the Court for payment after motion duly filed seeking such approval and authorization for payment), and other such costs as may be properly incurred to effect said sale;

b. the remaining amounts shall be paid to lien holders, including CBT, in the order of their priority, to the extent that the claim(s) are not disputed, and in an amount which shall be agreed upon between Trustee and lien holder(s), or to the extent that a claim and/or its amount is disputed, the funds shall be retained pending further Order of Court.

c. The remaining amounts shall be retained pending further Order of Court.

25. Trustee believes and therefore avers that no personally identifiable information as defined in §101(A) of the Code is part of said sale.

26. The Trustee has not given nor been given any consideration for her agreement hereto except as herein set forth.

27. The Property has been posted for sale on the Bankruptcy Court's Electronic Access to Sales Information website.

WHEREFORE, the Trustee does pray this Court to issue an Order authorizing, approving and confirming the sale of the Property aforesaid upon the terms herein set forth, and further, does hereby authorize the law firm of Neugebauer & Swope, P.C. to file the within Motion on her behalf.

Respectfully submitted,

NEUGEBAUER & SWOPE, P.C.

/s/ Lisa M. Swope
Lisa M. Swope, Esquire
219 S. Center Street
P.O. Box 270
Ebensburg, PA 15931
(814) 472-7151
Pa. I.D. #77003
lms@nsslawfirm.com
Attorney for Trustee